

Michael S. O'Reilly
Phone:  (212) 980-7226
michael.oreilly@saul.com
www.saul.com

April 17, 2023

**VIA ECF**
The Honorable Eric N. Vitaliano, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Northwell Health, Inc. v. Capital Blue Cross*
               Case No. 2:23-cv-01362-ENV-AYS

Dear Judge Vitaliano:

      We represent Defendant Capital Blue Cross ("Defendant") in the referenced action.  We write pursuant to Your Honor's Individual Motion Practice and Rules to respectfully request a Pre-Motion Conference for a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Northwell Health, Inc. ("Plaintiff") alleges that this action sounds in contract and that there exists a dispute arising from Defendant's alleged failure to pay amounts due under an alleged but unspecified contract between the parties. Defendant believes a Motion to Dismiss is appropriate.

**I.**    **Argument:**

      A.    <u>Plaintiff's Cause of Action for Breach of Contract Fails as a Matter of Law</u>:

      Plaintiff's claim for breach of contract fails as a matter of law because it fails to plead: 1) the plausible existence of a contract between Plaintiff and Defendant; 2) the specific terms of the alleged contract; 3) Plaintiff's obligations under the alleged contract and that those obligations were fulfilled; and 4) what terms of the alleged contract Defendant is alleged to have breached (which makes it impossible to have alleged that any such breaches were material).  Further, although Plaintiff has alleged damages, they are speculative because the Complaint fails to allege that any damages were caused by an alleged breach of an unidentified contract.

      1.    *Legal Standard*:

      It is well-settled that "[t]o establish a breach of contract claim under New York law, a plaintiff must demonstrate (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of the defendant to perform; and (iv) damages." *Harte v. Ocwen Financial*

1270 Avenue of the Americas, Suite 2005 ♦ New York, NY 10020 ♦ Phone: (212) 980-7200 ♦ Fax: (212) 980-7209

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

The Honorable Eric N. Vitaliano, U.S.D.J.
April 17, 2023
Page 2

*Corporation*, No. 13-cv-5410, 2016 WL 3647687, *3 (E.D.N.Y. 2016) (internal citations and quotations omitted).

    2.    *Plaintiff Has Not Plead the Plausible Existence of a Contract*:

Plaintiff's claim for breach of contract fails as a matter of law because the Complaint fails to plead the plausible existence of a contract between Plaintiff and Defendant. It is axiomatic that to plead the plausible existence of a contract, "…a plaintiff must plead the provisions of the contract upon which the claim is based. A plaintiff need not attach a copy of the contract to the complaint or quote the contract provisions verbatim. However, the complaint must at least **set forth the terms of the agreement upon which liability is predicated by express reference**." *Howell v. American Airlines, Inc.*, No. 05-cv-3628, 2006 WL 3681144, * 3-4 (E.D.N.Y. 2006) (internal citations and quotations omitted) (emphasis added). Because the Complaint fails to foundationally allege that Plaintiff and Defendant entered into a contract, let alone what terms of the contract are alleged to have been breached, the Complaint's breach of contract claim fails as a matter of law.

The Complaint fares no better than the complaint in *Howell* because it does not identify any agreement entered into between **Plaintiff** and **Defendant**. *Howell*, 2006 WL 3681144, * 3-4 (E.D.N.Y. 2006). Although the Complaint alleges that "[i]t entered into in-network, participating provider agreements with [Empire Blue Cross], which have been amended on numerous occasions (collectively, "Provider Agreements"), pursuant to which [Plaintiff] provides medically necessary health care services to patients who are members, participants, or insureds of health care plans issued or administered by [Empire Blue Cross] or its affiliates, such as the Defendant," the Complaint does not allege (because it cannot) that **Plaintiff** and **Defendant** expressly entered into a contract. (*See* Compl. ¶ 19). For this very simple reason, the Complaint also fails to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2), which demands "a short and plain statement of the claim showing that the pleader is entitled to relief," because it does not identify the foundational aspect of its breach of contract claim: the contract.

    3.    *Plaintiff Has Not Plead a Plausible Claim for Breach of the Contract*:

The Complaint also fails as a matter of law because it fails to plausibly allege and identify which specific terms of the contract it alleges Defendant breached. In *McCabe v. Caribbean Cruise Line, Inc.*, the Court dismissed the Complaint because "[a] lone allegation, **lacking any mention of the specific terms of the alleged agreement**, is simply too vague and indefinite to plausibly establish the existence of a contract." No. 13-cv-6131, 2014 WL 3014874 (E.D.N.Y. 2014) (internal citations and quotations omitted). *See also*, *Ally Financial Inc. v. Comfort Auto Group NY LLC*, No. 20-cv-1281, 2021 WL 4033249 (E.D.N.Y. 2021) ("However, Comfort Auto fails to allege a claim for breach of contract regardless of whether the Court solely relies on the Third Amended Counterclaims or considers the provisions of the Agreements set forth in the Amended Complaint because Comfort Auto **fails to identify any particular provision of the Agreement breached by Plaintiffs**.") (internal citations and quotations omitted) (emphasis added). Consistent with *Howell* and *McCabe*, the Complaint is properly dismissed because the Complaint is devoid of any explicit or implicit reference to the payment terms of the purported contract the Plaintiff posits Defendant breached because it only alleges that Plaintiff rendered "medically necessary services to the members or insureds of the Defendant," and failed to reimburse Plaintiff for those services. (*See* Compl. ¶ 25). This singular allegation is palpably deficient because it provides no

information regarding the contract's payment terms. For this reason, a Motion to Dismiss is proper because the Complaint has failed to plausibly allege the payment terms of the purported contract.

  B. <u>Plaintiff's Cause of Action for Unjust Enrichment Fails as a Matter of Law</u>:

   1. *Legal Standard*:

"Under New York law, a plaintiff may prevail on a claim for unjust enrichment by demonstrating (1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Mamakos v. Town of Huntington*, No. 16-cv-5775, 2017 WL 2861719, (E.D.N.Y. 2017) (internal citations and quotations omitted).

   2. *Plaintiff Has Not Plausibly Plead That Defendant Was Unjustly Enriched*:

The Complaint fails to plead a plausible claim for unjust enrichment because the Complaint does not allege (because it cannot) that Plaintiff conferred a benefit directly **on Defendant**. It is well-established that "[u]njust enrichment is not a catchall cause of action to be used when others fail and is available only in unusual situations, when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *International Leisure Products, Inc. v. Funboy LLC*, No. 16-cv-4667, 2017 WL 6623887 (E.D.N.Y. 2017) (internal citations and quotations omitted). The Complaint alleges that it directly conferred a benefit upon those to whom it rendered medical services, but it does not and cannot allege that it directly conferred a benefit **to Defendant,** because it has not. Thus, the claim for unjust enrichment also fails as a matter of law and a Motion to Dismiss is appropriate.

   3. *Plaintiff's Unjust Enrichment Claim is Duplicative of its Other Claims*:

In addition, the unjust enrichment claim is properly dismissed as it is entirely duplicative of Plaintiff's claim for breach of contract. It is black letter law that "… even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action. Because Plaintiff's unjust enrichment claim relies on the same facts as his other causes of action in tort, Defendant's motion to dismiss the Amended Complaint's seventh cause of action is granted." *Nelson v. MillerCoors, LLC*, 246 F.Supp.3d 666, 679 (E.D.N.Y. 2017).

**II.** <u>**Conclusion:**</u>

For the reasons stated above, Defendant requests a Pre-Motion Conference in anticipation of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

              Respectfully submitted,

              Michael S. O'Reilly