**BUTLER TIBBETTS**

**Tim Butler**
*Managing Partner*

Direct: 203.202.9955
tbutler@butlertibbetts.com

April 25, 2023

The Honorable Eric N. Vitaliano, U.S.D.J
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Northwell Health Inc. v. Capital Blue Cross*
             Case No. 2:23-cv-01362-ENV-AYS

Dear Judge Vitaliano:

    We represent Plaintiff Northwell Health, Inc. ("Plaintiff") in the referenced action against Capital Blue Cross ("Defendant"). We write pursuant to Your Honor's Individual Motion Practice and Rules to respectfully object to Defendant's request for a Pre-Motion Conference for a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has alleged an action sounding in contract arising from Defendant's failure to pay amounts due under said contract. As such, a Motion to Dismiss would be inappropriate.

1) <u>**Argument:**</u>

    A. <u>Plaintiff Properly Pleads Cause of Action for Breach of Contract</u>

    Plaintiff's claim for breach of contract was properly plead and therefore does not fail as a matter of law. Specifically, Plaintiff plead: 1) the plausible existence of a contract between Plaintiff and Defendant; 2) the specific terms of the alleged contract; 3) Plaintiff's obligations under the alleged contract and that those obligations were fulfilled; and 4) what terms of the alleged contract Defendant breached. Further, Plaintiff has alleged specific damages amounting to the breached contract rates for medical services multiplied by the number of unpaid claims.

        1. *Legal Standard:*

    It is well-settled that "[t]o establish a breach of contract claim under New York law, a plaintiff must demonstrate (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of the defendant to perform; (iv) damages." *Harte v. Ocwen Financial Corporation*, No. 13-CV-5410, 2016 WL 3647687, *3 (E.D.N.Y. 2016) (internal citations and quotations omitted).

        2. *Plaintiff Plead the Plausible Existence of a Contract:*

    Plaintiff's claims for breach of contract do not fail as a matter of law because the complaint plead the existence of a contract between the Plaintiff and Defendant. To plead the existence of a contract, ". . .a plaintiff must plead the provisions of the contract upon which the claim is based. A plaintiff need not attach a copy of the contract to the complaint or quote the contract provisions verbatim. However, the complaint must at least set forth the terms of the

agreement upon which liability is predicated by express reference." *Howell v. American Airlines, Inc.* No. 05-CV-3628, 2006 WL 3681114, *3-4 (E.D.N.Y. 2006) (internal citations and quotations omitted). However, a party can sufficiently plead the existence of a contract by "alleging that the parties entered into an agreement and describing the provision of the Agreement that Defendants allegedly breached." *Jeffrey's Auto Body, Inc. v State Farm Fire and Cas. Co.*, No. 52-CV-0033 2020 WL 6939805 *4 (NDNY Nov. 25, 2020). See also, *Durham v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. 16-CV-1643, 2017 WL 3097590, at *2, 2017 U.S. Dist. LEXIS 112756, at *5 (D. Conn. July 20, 2017) (holding that even though the plaintiff's complaint lacked specific language from the insurance policy, the plaintiff satisfied the first element by alleging that an insurance policy was in effect and that the policy required the defendant to provide coverage for the accident at issue.)

Unlike *Howell*, the complaint here identifies an agreement by the Defendant to pay Plaintiff for medical services provided at a specific, negotiated contracted rate. The complaint alleges that: 1) Defendant participates in the BlueShield BlueCard program; 2) that host plans process claims that are reimbursed by the home plan; 3) that Defendant is the home plan in this case; 4) and that a condition of participation in the Blue Card Program is the Home plan agreeing to be bound by the terms and conditions of the Host's Plan's agreements with its local providers. (*See* Compl. ¶¶ 10, 12, 14, 16). The complaint further alleges that: 1) Plaintiff and the Host Plan entered into in-network, participating provider agreements, that dictate the rates for medical services; 2) and how that made Plaintiff an in-network provider within the Blue Card Program such that Defendant would abide by the Participating Agreement and agree to pay [Plaintiff's] hospitals and/or physicians for medically necessary care to their individual enrollees." (*See* Compl. ¶¶ 19, 20). As such, Plaintiff has clearly alleged an agreement at issue, and specified what terms of the agreement were breached.

### 3. *Plaintiff Plead a Claim for Breach of Contract:*

The complaint also alleges and identifies what specific terms of the contract Defendants breached. In *Ally Financial Inc. v. Comfort Auto Group NY LLC*, the Court held that "a breach of contract claim will withstand a motion to dismiss only if plaintiff alleges the essential terms of the parties purported contract in nonconclusory language, including the specific provisions of the contract upon which liability is predicated." 20-CV-1281, 2021 WL 4033249 (EDNY Sept. 3, 2021) (internal citations and quotations omitted). Defendants' reliance on *McCabe v. Caribbean Cruise Line, Inc.* is misplaced. In *McCabe v. Caribbean Cruise Line, Inc.* the complaint only contained a single allegation claiming that Plaintiff was offered a free cruise in exchange for participation in a survey. No.13-CV-6131, 2014 WL 3014874 (E.D.N.Y 2014). The court held that "THE lone allegation, lacking any mention of the specific terms of the alleged agreement, is simply too vague and indefinite to plausibly establish the existence of a contract." *Id.* Unlike *McCabe*, here the complaint alleges that: 1) Plaintiff and the Host Plan entered into in-network, participating provider agreements, that dictate the rates for medical services; 2) and how that made Plaintiff an in-network provider within the Blue Card Program such that Defendant would abide by the Participating Agreement and agree to pay [Plaintiff's] hospitals and/or physicians for medically necessary care to their individual enrollees." (*See* Compl. ¶¶ 19, 20). The complaint in this instance has pointed to a specific provision, namely those concerning contracted rates for medical services. *Id.* Further, the Complaint alleges that the Defendant failed

to pay for those claims of medical services and lists a specific set of damages caused. (*See* Compl. ¶¶ 35, 41). Therefore, a Motion to Dismiss would be improper.

    B. <u>Plaintiff properly Plead a Cause of Action for Unjust Enrichment as a Matter of Law</u>

        1. *Legal Standard:*

"Under New York law, a plaintiff may prevail on a claim for unjust enrichment by demonstrating (1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Mamakos v. Town of Huntington*, No. 16-CV-5775, 2017 WL 2861719, (E.D.N.Y. 2017) (internal citations and quotations omitted).

        2. *Plaintiff has Plead that Defendant was Unjustly Enriched:*

The Complaint plead all elements for a claim of unjust enrichment, including that Plaintiff conferred a benefit directly on Defendant. It is settled that the "essential inquiry in any action for unjust enrichment … is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Intl. Leisure Products, Inc. v Funboy LLC*, 16-CV-4667, 2017 WL 6623887 (EDNY Nov. 9, 2017), affd. 747 Fed Appx 23 (2d Cir 2018). Further, New York Courts have found that "where, as here, a hospital is required by law to treat patients in an emergency room, an insurance company is unjustly enriched if it fails to pay the hospital in full for the costs incurred in rendering the necessary treatment to the insurer's enrollees." *Emergency Physician Services of New York v UnitedHealth Group, Inc.*, 2021 WL 4437166 (SDNY Sept. 28, 2021). Here, the complaint alleges that Plaintiff allowed Defendant's enrollees access to medical services in exchange for Defendant agreeing to compensate the Plaintiff. New York Courts have recognized that as a direct benefit to parties such as Defendant. Thus, a Motion to Dismiss would be inappropriate.

        3. *Plaintiff's Unjust Enrichment Claim is Distinct of its Other Claims:*

Lastly, the unjust enrichment claim is distinct from the Plaintiff's claim for breach of contract. "Claims for unjust enrichment will not survive a motion to dismiss where plaintiff's fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action." *Nelson v MillerCoors, LLC*, 246 F Supp 3d 666 (EDNY 2017). Here, Plaintiff alleges regardless of contractual obligation, Defendant has benefitted by knowingly allowing their enrollees to receive medical services while refusing to pay for them. (*See* Compl. ¶¶ 42-51). As such, Plaintiff's claim is distinct a Motion to Dismiss is inappropriate.

II.    <u>**Conclusion:**</u>

For the reasons stated above, Plaintiff opposes Defendants request for a Pre-Motion conference and its anticipated Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

                              Sincerely,

                              Timothy F. Butler

TDB/sp